## TISCHLER v. SHURMAN.

(Supreme Court, Appellate Term.   January 17, 1906.)

1. BILLS AND NOTES—ASSIGNMENT—BONA FIDES.

The holder of a check given without consideration must show the circumstances under which it came into his possession, and that he acted in good faith.

[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 1676.]

2. SAME—EVIDENCE.

Evidence that the holder of a check paid value therefor is not conclusive of the fact of bona fides.

3. SAME—SUFFICIENT.

Evidence in an action on a check, for which there was no consideration, *held* insufficient to show the bona fides of the transaction by which plaintiff came into possession of it.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Samuel Tischler against Clifford Shurman.  From a judgment for plaintiff, defendant appeals.  Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Maxwell C. Katz, for appellant.
Louis Jersawitz, for respondent.

SCOTT, P. J.   There is no doubt that the check sued upon was wholly without consideration, and that the original holder could not have maintained an action thereon.   Under such circumstances it is incumbent upon the holder to show the circumstances under which the paper came into his possession and that he acted in good faith.   Evidence that he paid value for the check, although entitled to great weight, is not conclusive of the fact of bona fides.   Canajoharie Nat'l Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. 402, 10 L. R. A. 676. In the present case there are many suspicious circumstances tending to show that the transfer of the check to plaintiff was made merely for the purpose of avoiding the defense of lack of consideration.   The original payee of the note was available to plaintiff as a witness, and, indeed, was in court on the day of the trial.   He was a client of the plaintiff's attorney.   He was named as defendant, but was never served, and the attorney who acts for the plaintiff in this action has never acted for him in any other matter.   Added to this is the fact that the plaintiff cannot recollect on what day of the week he cashed the check, or on what hour of the day.   The failure of the plaintiff to call Wresensky, the original payee, leaves the bona fides of the transaction unsustained, and forces the conclusion that the plaintiff has not satisfactorily explained the circumstances under which he received the check.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.  All concur.